IN THE UNITED STATE BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| In Re: | Case No. 06-00228-jw |
|---|---|
| Tubular Technologies, LLC | Chapter 11 |
| Debtor. | **ORDER** |

THIS MATTER comes before the Court by request of correspondence from Ralph J. Kassouf, Jr. ("Kassouf"), in relation to a judgment from a North Carolina state court action entitled *O'Neal Steel, Inc. v. PMI Industries, Inc., and Ralph J. Kassouf, Jr.*, 05 CvS 3617 (Guilford County). O'Neal Steel ("Plaintiff") brought suit against PMI Industries ("PMI"), joining Kassouf in his individual capacity as a guarantor of PMI's liabilities. In *O'Neal*, a judgment was entered against Kassouf as guarantor and the court also found Kassouf in willful contempt in relation to post-judgment discovery matters. Concurrently, Tubular Technologies, LLC ("Debtor"), aka PMI Technologies, Inc., is a debtor in a voluntary Chapter 11 bankruptcy filed on January 20, 2006 in the United States Bankruptcy Court for the District of South Carolina. The issue before the Court is whether the judgments against Kassouf, a former owner, and guarantor of PMI, are stayed pursuant to the bankruptcy proceedings of Debtor.

Pursuant to the plain language of Bankruptcy Code section 362, an automatic stay applies to the debtor's estate, and property of the debtor upon the debtor filing a petition with the Court. 11 U.S.C. 362(a). The stay, under section 362, is a "fundamental …protection[]" that puts a stop to creditors claims. Grady v. A.H. Robins Company, Inc., 839 F.2d 198, 200 (4th Cir. 1988). The rationale of a stay is to provide a debtor "a

ENTERED

JUN 1 6 2006

J.G.S.

breathing spell from his creditors …" so that the debtor may "attempt a repayment or reorganization plan, or simply to be relieved of the financial pressure that drove him into bankruptcy." Grady, 839 F.2d 198, 200. In Chapter 11 filings, Congress makes stay allowances available for debtors, unlike Bankruptcy Code section 1301 where stay allowances are available to a co-debtor under Chapter 13 bankruptcy.

In spite of the language of section 362 that states the automatic stay applies to "the debtor," the United States Court of Appeals for the Fourth Circuit has recognized that the stay protections of section 362 may be extended to a non-debtor where a claim against the non-debtor amounts to a claim against the debtor because the identities between the parties are indistinguishable or where a claim against the non-debtor would affect the administration of the estate. Credit Alliance Corp. v. Williams, 851 F.2d 119 (4th Cir. 1988). *See also* In re A.H. Robins Company, Inc., 828 F.2d 1023, 1026 (4th Cir. 1987). The Fourth Circuit notes that a court may even impose a stay under Bankruptcy Code section 105, where it is "necessary and appropriate to carry out the provisions of this title." Id. However, granting a stay under section 105 requires the debtor or non-debtor to carry the burden of showing the claim(s) against the non-debtor will cause "irreparable harm to the bankruptcy estate." Id.

In *A.H. Robins Co. v. Piccinin*, the Fourth Circuit notes that the circumstances for extending the stay to a non-debtor must be "unusual." 788 F.2d 994, 999 (4th Cir. 1986). However, in *Credit Alliance Corp. v. William*, a subsequent Fourth Circuit case that is directly on point with the facts before this Court, the Fourth Circuit ruled that there is "nothing unusual" about the relationship between a non-bankrupt guarantor and the debtor that would invoke the stay of section 362. 851 F.2d 119, 121 (4th Cir. 1988). The

2

court plainly states "the very purpose of the guaranty is to assure the creditor that in the event the debtor defaults, the creditor will have someone to look to for reimbursement." Id. at 122. In *Credit Alliance Corp*, the non-bankrupt guarantor executed a guaranty on a conditional sales contract between the debtor and the creditor. The debtor, Penn Coal Co., filed bankruptcy after defaulting to avoid its creditor's claims and the bankruptcy court granted both the debtor and the guarantor a stay under section 362. In reviewing Congressional intent, the Fourth Circuit states that Congress did not intend to eliminate the creditor's third party security that was necessary to initially issue the debt. Id. at 121.

The law of the Fourth Circuit, as it pertains to the facts before the Court, does not invoke a stay in favor of Kassouf. In reiterating the rationale set forth by the Fourth Circuit, section 362 is designed to allow the debtor to proceed with bankruptcy, while free from the burden of creditor claims, in order to facilitate administration of the debtor's property or the debtor's estate. The protection of the automatic stay under section 362 is neither designed nor intended for third party guarantors of debt such as Kassouf, according to the analysis of the *Credit Alliance Corp*. court.

Even if Kassouf could show "unusual" circumstances that invoke the stay of section 362 as to the guaranty, a Contempt Order is not stayed against Kassouf. The Fourth Circuit notes that an automatic stay is of particular significance to a Chapter 11 Bankruptcy proceeding, because the debtor is attempting to reorganize. Grady, 839 F.2d 198, 200. However, the Fourth Circuit also holds that section 362 does not stay actions "which seek no recovery from the debtor or property of the debtor ...." A.H. Robins Co., Inc. v. Baker, No. 87-3879, 1988 WL 54072 (4th Cir. May 16, 1988). *See also* Dennis v. A.H. Robins Co., Inc., 860 F.2d 871 (4th Cir. 1988) (holding, pursuant to 28 U.S.C.

1481, a bankruptcy court is precluded from "affecting the handling of a case in a manner not inconsistent with the purpose of the automatic stay").

Bankruptcy Code section 362 does not preclude the North Carolina court from enforcing its contempt order against Kassouf. Kassouf has been ordered to pay attorney's fees to O'Neal Steel in the amount of $3,577.50, as well as to serve 15 days in jail. Under these facts and the Fourth Circuit view of section 362, a contempt order is not stayed against the Kassouf, as it is wholly unrelated to the bankruptcy proceedings against Debtor or Debtor's property.

For the reasons stated above, the Court does not find Kassouf protected by the automatic stay under section 362 or by section 105 through the Chapter 11 proceedings involving Tubular Technologies, LLC.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
June 16, 2006

4