UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Tubular Technologies, LLC,

Case No. 06-00228-W

Chapter 11

Debtor.

## ORDER DENYING MOTION TO EXTEND TIME
## TO ASSUME OR REJECT NON-RESIDENTIAL LEASE

This matter comes before the Court on motion of Debtor to extend the time to assume or reject a lease between Tubular Technologies, Inc. ("Debtor") and S-2 Properties, Inc. ("S-2"). Pursuant to 11 U.S.C. § 365,[1] the Court makes the following Findings of Fact and Conclusions of Law.[2]

### FINDINGS OF FACT

1. On October 28, 2004, Debtor entered into a five year lease agreement with S-2 ("Lease") for the lease of non-residential real property known as 4157 Old Highway 52, Lexington North Carolina ("Leased Premise").

2. On January 20, 2006, Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

3. Debtor's Schedule G, filed February 8, 2006, discloses Debtor's Lease with S-2 as an unexpired lease.

---

[1] Further references to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) shall be made by section number only.
[2] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

ENTERED
JUN 21 2006
J.G.S.

4. On December 17, 1998, S-2 granted GrandSouth Bank a Deed of Trust. The Deed of Trust gives GrandSouth Bank rights in the rental proceeds generated by the Leased Premise and provides that GrandSouth Bank may foreclose on the Leased Premise if S-2 defaults under it agreement with GrandSouth Bank. Debtor asserts that S-2 is in default of its agreement with GrandSouth Bank and that Debtor has been paying rent to GrandSouth Bank. S-2 contends that its obligation to GrandSouth Bank has been satisfied and that it is owed rent by Debtor. It appears that GrandSouth Bank is foreclosing on the Leased Premise in North Carolina but the foreclosure process was not completed by May 20, 2006.

5. On May 12, 2006, Debtor moved, one-hundred twelve (112) days after the petition date, to extend the time to assume or reject the Lease pursuant to § 365(d)(4)(B)(i) ("Motion"). Debtor did not seek to expedite a hearing on the Motion. Debtor's Motion references its filed Schedule G and acknowledges that S-2 is the owner of the Leased Premise.

6. S-2 objected to the Motion on grounds that cause does not exist to grant the Motion and on grounds that the Court cannot extend the deadline to assume or reject the Lease because such relief was not granted on or before May 20, 2006, the one-hundred twentieth day after the petition date.

7. A hearing on the Motion was held June 13, 2006, one-hundred and forty-four days after the petition date.

## CONCLUSIONS OF LAW

Section 365(d)(4) provides:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of--
> (i) the date that is 120 days after the date of the order for relief; or

> (ii) the date of the entry of an order confirming a plan.
>
> (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause....

11 U.S.C. § 365(d)(4).

Debtor acknowledges that it should have obtained an order to extend the time to assume the Lease within one hundred twenty days of the petition date; however, it asserts that S-2 lacks standing to challenge the Motion because GrandSouth Bank has assumed the rights of S-2 pursuant to the Deed of Trust and it asserts that the deadline should be extended for excusable neglect. S-2 asserts it has standing as the party to the Lease and that standing is unnecessary because the Court should deny the Motion as a matter of law.

It appears from Debtor's Motion, Schedules, and the evidence presented at the hearing on the Motion that S-2 remains the legal owner of the Leased Premise. Despite the fact that S-2 is not receiving and may not be entitled to receive rental income, S-2, as owner of the Leased Premise, is nevertheless the landlord of Debtor and therefore has standing to oppose the Motion.[3] See N.C. Gen Stat. § 42-40(3) (2006) (defining landlord in the residential setting as an owner of the property leased); S.C. Code Ann. § 27-33-10(7) (West 1991) (defining landlord as the "owner ... of the real estate used or occupied by the tenant ...."); In re Irwin Yacht Sales, Inc., 164 B.R. 678, 680 (Bankr. M.D. Fla. 1994) (noting that the party in interest with the right to challenge assumption of a lease is the landlord). S-2 is correct in its interpretation of § 365(d)(4)(B)(i) in that the provision plainly requires the Court to enter an order extending the time for Debtor to assume the lease prior to the expiration of the time period set forth in

---

[3] Debtor asserts that GrandSouth Bank is the only party with standing to challenge the assumption of the Lease; however, existing case law seems to indicate otherwise. See e.g., In re James Wilson Assocs., 965 F.2d 160, 169 (7th Cir.1992) (holding a creditor which held mortgage and assignment of rents in building which debtor had sold and leased back from landlord had no standing to enforce the provision of § 365 which requires debtor to assume or reject an unexpired lease of non-residential real estate within 60 days of bankruptcy filing).

§ 365(d)(4)(A). See 3 COLLIER ON BANKRUPTCY at ¶ 365.04[4], at p. 365-47 (Lawrence P. King et al. eds., 15th ed. Revised 2005) ("The 2005 Act clarifies at least one ambiguity in the prior language. It is now clear that any order extending the initial 120-day period must be entered before the expiration of the deadline."). The Court denies the Motion because § 365 does not appear to allow Debtor to obtain an extension of time to assume the Lease after the deadline to assume lapses.

If S-2 lacked standing, the Court would nevertheless deny the Motion. Section 365(d)(4), as revised by BAPCPA, appears to be self executing like the previous version of § 365(d)(4). See In re Esmizadeh, 272 B.R. 377, 386 (Bankr. E.D.N.Y. 2002) (stating that rejection under § 365(d)(4) is self-executing if the trustee does not timely move to assume); In Lifequest of Mt. Pleasant, Inc., C/A No. 97-06957-W, slip op. (Bankr. D.S.C. Nov. 19, 1997) (holding a lease of non-residential real property is rejected if not timely assumed). Debtor failed to timely act under § 365(d)(4)(A) and failed to timely obtain an extension under § 365(d)(4)(B). The Court therefore finds that Debtor's Motion should be denied as a matter of law because the relief requested cannot be provided to Debtor after the lapse of the applicable deadline pursuant to the plain language of § 365(d)(4)(B)(i). This result is consistent with other changes to the Bankruptcy Code where Congress enacted self-executing provisions that deny a debtor relief if a debtor does not timely act. See e.g., In re Cartledge, C/A No. 06-00119-JW, slip op. (Bankr. D.S.C. Feb. 15, 2006) (denying a motion to extend the automatic stay *sua sponte* because a hearing was not held on the motion within 30 days of the petition date); In re Root, C/A No. 06-00090, 2006 WL 1050687 *4, slip op. (Bankr. N.D. Iowa Apr. 11, 2006) (finding that the automatic stay terminates under § 362(h) for failing to file a statement of intent and that such a time period cannot be enlarged under Rule 9006).

4

Finally, the Court rejects Debtor's excusable neglect argument. The Court is not aware of any case in this jurisdiction that applies an excusable neglect standard, which is primarily used for obtaining relief from a judgment, to extend what is essentially a statute of limitations preclusion for Debtor. See Hanooka v. Pivko, 28 Cal.Rptr.2d 70 (Cal. Ct. App. 1994) (noting that a statute permitting relief from a judgment for excusable neglect does not apply to a statute of limitations); Airlines Reporting Corp. v. Mascoll (In re Mascoll ), 246 B.R. 697, 704 (Bankr. D.D.C. 2000) (holding that the court cannot extend the limitations period to object to discharge based upon "garden variety excusable neglect"). Debtor's argument is based upon an alleged miscommunication between Debtor's counsel and the clerk's office.[4] Counsel asserts that his staff was initially advised that the Motion should be noticed passively, pursuant to this Court's Local Rules, but the clerk's office later advised that the matter was not a passive notice matter and that a hearing would be set on the Motion. The clerk's office did not schedule the Motion before May 20, 2006, the one hundred twentieth day of the case. Counsel also asserted that he believed that the Court may grant the Motion without a hearing and before the deadline based upon the Court denying other motions of Debtor without a hearing. The Court rejects Debtor's excusable neglect argument, assuming it could apply, because § 365(d)(4)(B)(i) provides that Debtor is required to obtain an order before the lapse of the deadline and it is Counsel's responsibility to ensure that hearings are timely scheduled before the deadline lapses. See In re Ziolkowski, 338 B.R. 543, 545-546 (Bankr. D. Conn. 2006) (noting that motions to extend the automatic stay must be heard within 30 days of the petition date and the moving party bears the ultimate burden of ensuring that the motion is scheduled for a timely hearing). Counsel's failure to ensure that a hearing on the Motion was timely scheduled and the misplaced belief that the

---

[4] Debtor's counsel attempted to offer into evidence an affidavit of his staff; however, S-2 objected to the affidavit as hearsay and the Court did not accept the affidavit as evidence.

Court may grant the Motion before the deadline is not excusable neglect that would justify extending the time to allow the assumption of the Lease.

Because Debtor failed to timely assume the Lease, the Lease is deemed rejected. Pursuant to § 365(d)(4)(A), Debtor shall immediately surrender the Leased Premise to S-2. Lifequest, slip op. (noting that a lease is rejected if not timely assumed and the clear and unambiguous language of § 365(d)(4) requires the debtor to surrender the property to the landlord). The Court realizes that this order may greatly affect Debtor's ability to successfully reorganize; however, this result is the consequence of Debtor failing to timely take necessary action. See Piper Aircraft Corp. v. Wag-Aero, Inc., 741 F.2d 925, 939 (7th Cir.1984) (Posner, J., concurring) (discussing the equitable maxim- one who seeks the help of a court of equity must not sleep on his rights).

Having concluded that Debtor may not extend the time period to assume the Lease, the Court need not reach a conclusion as to whether cause to grant the Motion was proven. The Court denies the Motion, finds that the Lease is rejected, and orders Debtor to immediately surrender the Leased Premise to S-2.

**AND IT IS SO ORDERED.**

_John E Waites_
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
June 21, 2006